UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE LEWIS,<br><br>    Plaintiff,<br><br>  vs.<br><br>PETRI-LAURELHURST FMLY LTD, and MARLENE SPENCER<br><br>    Defendants. | CASE NO. 2:20-cv-539-BJR<br><br>**ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANTS** |

THIS MATTER came before the Court on the Plaintiff's Motion for Default Judgment against Defendants Petri-Laurelhurst Fmly LTD and Marlene Spencer. The Court considered the documents #1, 3, 6, 9, 10, and 16 as well as Plaintiff's Motion and the files and pleadings in this matter.

Based on the documents, pleadings, and evidence presented, the Court makes the following findings of fact and conclusion of law:

1. Plaintiff Steve Lewis is an individual with a disability within the scope of the Washington Law Against Discrimination RCW 49.60 et seq. (the "WLAD") and the Americans with disabilities Act 42 U.S.C. § 12102 et seq. ("ADA").

2. Defendants Petri-Laurelhurst Fmly LTD and Marlene Spencer own the property where the Flooring America store parking lot is located and Flooring America is a public accommodation under 42 U.S.C. §12181(7).

3. Defendants have violated the ADA and the WLAD by discriminating against Plaintiff

and other people who use wheelchairs by failing to comply with the ADA accessibility laws and regulations in regards to parking accessibility.

4. Defendants are liable for injunctive relief for violating the ADA and the WLAD.

5. Defendants were declared to be in default by the Court's order entered on June 17, 2020.

6. Proof of service is on file in this action.

7. Defendants Petri-Laurelhurst Fmly LTD and Marlene Spencer are neither an infant nor incompetent person.

8. Defendant Petri-Laurelhurst Fmly LTD and Marlene Spencer are not in military service.

9. Plaintiff is the prevailing party in this action and is entitled to costs and reasonable attorneys' fees totaling $12,107.50.

Based on the above findings of fact and conclusions of law, Judgment is entered as follows:

1. Defendants Petri-Laurelhurst Fmly LTD and Marlene Spencer must reconstruct the parking lot to correct the practices that violate the ADA and WLAD;

a) Under either the 2010 standards over the 1991 standards a parking lot with 12 total spaces is required to have at least one compliant "van accessible" parking space.

b) Van accessible parking spaces shall be 132 inches wide and served by an access aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the 2010 Standards and §§ 4.1.2(5)(b) and 4.3.6 of the 1991 Standards.

c) Regular accessible parking spaces shall be at least 96 inches wide and served by an access aisle at least 60 inches wide. § 502.3 of the 2010 Standards and §§ 4.1.2(5)(a) and 4.3.6 of the 1991 Standards.

      d) Additionally, slope of accessible parking spaces as well as the adjacent access aisle must be no greater than 1:48 (approximately 2%) in any direction and must adjoin the accessible route. §§ 502.3-502.4 of the 2010 Standards and § 4.3.6 of the 1991 Standards.

      e) Access aisles must adjoin an accessible route. § 502.3 of the 2010 Standards and 4.3.6 of the 1991 Standards.

      2. An award of reasonable attorneys' fees and costs incurred in bringing this action, totaling $12,107.50.

      **IT IS HEREBY ORDERED** that the Plaintiff's Motion for Default Judgment against Defendants Petri-Laurelhurst Fmly LTD and Marlene Spencer is hereby **GRANTED**.

Dated this 2nd day of July, 2020

*[signature]*

Barbara J. Rothstein
United States District Court Judge